IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; and BOBBY HARDWICK, WALTER BERRY, RAYMOND J. MITCHELL, FAY BARKLEY, ARLEN BANKS, YVONNE HICKS, and BRUCE CARRIER on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No: 07-14845<br><br>Hon. Robert H. Cleland<br>Magistrate Steven D. Pepe<br><br>CLASS ACTION |

FILED
APR 28 2008
CLERK'S OFFICE
U.S. DISTRICT OFFICE
EASTERN MICHIGAN

## ORDER

Having reviewed and considered the Motion for Class Certification brought by plaintiffs Bobby Hardwick, Walter Berry, Raymond J. Mitchell, Fay Barkley, Arlen Banks, Yvonne Hicks, and Bruce Carrier ("Class Representatives"), the Court concludes that all requirements of Federal Rule of Civil Procedure 23 are satisfied and accordingly grants the motion and appoints Class Counsel, based on the following specific finding and rulings:

1.  For a class to be certified, the proposed group of litigants must satisfy the four requirements of Rule 23(a) and fall within one of the three subdivisions of Rule 23(b); in addition, appointment of class counsel requires satisfaction of Rule 23(g)(1)(C)(i).

2.  Because there are approximately 170,000 class members, the class is so numerous that joinder of all members is impracticable, satisfying Fed.R.Civ.P. 23(a)(1).

3. There are common questions of law and fact, satisfying Fed.R.Civ.P. 23(a)(2), because members of the proposed class are covered by labor agreements and plan documents containing virtually identical provisions concerning the obligations of Ford Motor Company ("Ford") to provide retiree health care benefits. Common questions include: (1) whether Section 301 of the LMRA, 29 U.S.C. § 185(a), prohibits Ford from unilaterally reducing class members' health-care benefits; and (2) whether ERISA, 29 U.S.C. §§ 1132 (a)(1)(B) and (a)(3), also prohibits Ford from so doing.

4. Fed.R.Civ.P. 23(a)(3) is satisfied because the Class Representatives' claims are typical of the claims of the proposed class. Ford has announced its intention to unilaterally modify hourly retiree health care benefits, which, if implemented, will affect Class Representatives and the proposed class in the same way.

5. Fed.R.Civ.P. 23(a)(4) is satisfied because the Class Representatives and their counsel will fairly and adequately protect the interests of the class. First, Class Representatives have common interests with unnamed class members, as established by the fact that Rule 23(a)(2) commonality and Rule 23(a)(3) typicality are satisfied; further, nothing suggests that Class Representatives have interests conflicting or antagonistic to the interests of the proposed class. Second, Class Representatives will vigorously represent the interests of the proposed class through qualified counsel, as discussed in the following paragraph.

6. Rule 23(g)(1)(C)(i) requires that the Court consider the following factors when appointing class counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. The Court has carefully

considered each of these factors and concludes that each is satisfied here.

7.  The Court also finds that the requirements of Fed.R.Civ.P. 23(b)(2) are satisfied, i.e., that Ford has acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Specifically, Ford has threatened to act on grounds generally applicable to the entire proposed class by reducing health care benefits. Injunctive or declaratory relief accordingly is appropriate with respect to the class as a whole.

8.  Based on the foregoing, the Court hereby certifies the following class (with the terms in initial caps having the definitions set forth in the April 7, 2008 Settlement Agreement):

All persons who are:

(i) Ford-UAW Represented Employees who, as of November 19, 2007, were retired from Ford with eligibility for Retiree Medical Benefits under the Ford Retiree Health Plan, and their eligible spouses, surviving spouses and dependents;

(ii) surviving spouses and dependents of any Ford-UAW Represented Employees who attained seniority and died on or prior to November 19, 2007 under circumstances where such employee's surviving spouse and/or dependents are eligible to receive Retiree Medical Benefits from Ford and/or under the Ford Retiree Health Plan;

(iii) former Ford-UAW Represented Employees or UAW-represented employees who, as of November 19, 2007, were retired from any previously sold, closed, divested or spun-off Ford business unit with eligibility to receive Retiree Medical Benefits from Ford and/or the Ford Retiree Health Plan by virtue of any agreement(s) between Ford and the UAW, and their eligible spouses, surviving spouses, and dependents; and

(iv) surviving spouses and dependents of any former Ford-UAW Represented Employee or UAW-represented employee of a previously sold, closed, divested or spun-off Ford business unit, who attained seniority and died on or prior to November 19, 2007 under circumstances where such employee's surviving spouse and/or dependents are eligible to receive Retiree Medical Benefits from Ford and/or the Ford Retiree Health Plan.

4. The Court will conduct a hearing, pursuant to Federal Rule of Civil Procedure 23(e)(1)(C), commencing on July 10, 2008 at 2:00 p.m., for the purpose of considering the fairness, reasonableness, and adequacy of the Settlement Agreement and to consider objects to the Settlement Agreement, if any (the "Fairness Hearing"). Other than the parties, no person will be heard at the Fairness Hearing unless that person submits an objection in writing, postmarked on or before June 23, 2008, to the address listed in the Individual Notice and the Publication Notice.

5. Ford shall provide notice, pursuant to Rule 23(e)(1), to the Class of the proposed Settlement Agreement and of the Fairness Hearing. Ford will use its best efforts to send notice to individual Class Members by first class mail in substantially the form set forth in Exhibit 4 of the Brief in support of the Joint Motion by May 15, 2008. To the extent there is more than one class member in a single household, Ford may send a single notice to any such household. The court grants approval of the joint request of UAW and Class Counsel to enclose a cover letter, in substantially the form set forth in Exhibit 6 to the Brief in Support of the Joint Motion. Ford shall also provide notice by publication, by May 15, 2008, in substantially the form set forth in Exhibit 5 of the Brief in support of the Joint Motion and in the manner stated in the Settlement Agreement.

SO ORDERED.

/s/ [signature]
United States District Judge

DATED: APR 28 2008