UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA et al.,

      Plaintiffs,

v.                                                                              Case No. 07-CV-14845

FORD MOTOR COMPANY,                                    CLASS ACTION

      Defendant.
                                                       /

## ORDER AND FINAL JUDGMENT

Based on the Findings of Facts and Conclusions of Law filed this date, and all of the files, records, and proceedings herein, the court enters this Order and Final Judgment, which is binding upon and inures to the benefit of all of the following parties: Ford Motor Company ("Ford"), the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW"), Bobby Hardwick, Walter Berry, Raymond J. Mitchell, Fay Barkley, Arlen Banks, Yvonne Hicks, Bruce Carrier, and the class described in paragraph 1 below.

      1.      The following class is certified pursuant to Federal Rule of Civil Procedure 23(b)(2):

      (i)      Ford-UAW Represented Employees who had attained seniority as of November 19, 2007, and who, as of August 15, 2009, were retired from Ford with eligibility for Retiree Medical Benefits under the Ford Retiree Health Plan, and their eligible spouses, surviving spouses and

    dependents;

(ii) surviving spouses and dependents of any Ford-UAW Represented Employees who attained seniority as of November 19, 2007 and died prior to August 15, 2009 under circumstances where such employee's surviving spouse and/or dependents are eligible to receive Retiree Medical Benefits from Ford and/or under the Ford Retiree Health Plan;

iii) former Ford-UAW Represented Employees or UAW-represented employees who had attained seniority as of November 19, 2007, and who, as of August 15, 2009, were retired from any previously sold, closed, divested or spun-off Ford business unit with eligibility to receive Retiree Medical Benefits from Ford and/or the Ford Retiree Health Plan by virtue of any agreement(s) between Ford and the UAW, and their eligible spouses, surviving spouses, and dependents; and

(iv) surviving spouses and dependents of any former Ford-UAW Represented Employee or UAW-represented employee of a previously sold, closed, divested or spun-off Ford business unit, who attained seniority as of November 19, 2007, and died on or prior to August 15, 2009 under circumstances where such employee's surviving spouse and/or dependents are eligible to receive Retiree Medical Benefits from Ford and/or the Ford Retiree Health Plan.[1]

---

[1] All capitalized terms in this Order and Final Judgment have the same meaning as in the Amended Settlement Agreement.

2. The parties' proposed amendments, which are effected by the Amendment Agreement and set forth in the amended Settlement Agreement dated July 23, 2009 (the "Amended Settlement Agreement"), which amends the March 28, 2008 settlement agreement previously approved by the court, are approved in their entirety as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e).

3. The court approves the New Plan and the New VEBA, including the Trust Agreement and the Trust Agreement Amendment (as defined in the Amendment Agreement), in all respects. The New Plan and the New VEBA, both subject to ERISA, shall be administered by the Committee. The initial public members of the Committee, as set forth in Exhibit E to the Trust Agreement, are designated as Robert Naftaly, Olena Berg-Lacey, David Baker Lewis, Teresa Ghilarducci, Marianne Udow-Phillips, and Ed Welch.

4. As of the day following the Implementation Date:

(i) Ford shall no longer be required to make deposits of the wage and COLA deferrals under Section 13.B of the Hardwick I Settlement Agreement and the final judgment in *Int'l Union, UAW et al. v. Ford Motor Company*, No. 05-74730 (the "Hardwick I Settlement Agreement and Judgment") into the Existing External VEBA.

(ii) The amounts described in Section 7.D(i) of the Amended Settlement Agreement deposited by Ford into the TAA and paid to the New VEBA by Ford on or following the Implementation Date pursuant to the Amended Agreement shall be in full satisfaction of any and all of Ford's obligations under Section 13.B and any other provisions of the Hardwick I Settlement

        Agreement and Judgment regarding wage and COLA deferrals, and Ford shall have no further obligations as to such payments or contributions to the Existing External VEBA.

(iii)    The wage and COLA deferrals under the Hardwick I Settlement Agreement and Judgment shall inure after the Implementation Date solely to the benefit of Ford and continue in perpetuity increasing at $0.02 per hour per quarter as described in Section 13.B of the Hardwick I Settlement Agreement and Judgment.

5.    Ford shall be financially responsible for the payment of reasonable costs associated with the transition of coverage for the Class and the Covered Group to the New Plan and New VEBA, as provided for in Section 20.A of the Amended Settlement Agreement.

6.    All obligations of Ford and all provisions of the Ford Retiree Health Plan in any way related to Retiree Medical Benefits for the Class and/or the Covered Group, and all provisions of applicable collective bargaining agreements, contracts, letters and understandings in any way related to Retiree Medical Benefits for the Class and the Covered Group for claims incurred after the Implementation Date shall terminate on the Implementation Date, or are otherwise amended so as to be consistent with the Amended Settlement Agreement and the fundamental understanding that all Ford obligations regarding Retiree Medical Benefits for the Class and the Covered Group for claims incurred after the Implementation Date are terminated as set forth in the Amended Settlement Agreement.

7. Within 10 business days after the Implementation Date, Ford shall direct the trustee of the Existing Internal VEBA to transfer to the New VEBA all assets in the Existing Internal VEBA or cash in an amount equal to the Existing Internal VEBA balance on the date of the transfer. Upon such transfer, the Existing Internal VEBA shall be deemed to be amended to terminate participation and coverage regarding Retiree Medical Benefits for the Class and the Covered Group, effective as of the day following the Implementation Date.

8. Within 15 days after the Implementation Date, the committee and the trustee of the Existing External VEBA shall transfer all assets and liabilities of the Existing External VEBA into the New VEBA and terminate the Existing External VEBA. In accordance with the terms of the Amended Settlement Agreement, the New VEBA shall accept the tender of assets from and shall assume the liabilities of the Existing External VEBA.

9. The court finds reasonable and approves the indemnification provisions of Sections 17 and 23 of the Amended Settlement Agreement in all respects.

10. The court approves the reimbursement by Ford of the UAW's and Class Counsel's reasonable attorney and professional fees and expenses as provided for under Section 24.A of the Amended Settlement Agreement, with the amounts of such fees and expenses to be approved by the court as set forth in paragraph 13.

11. Pursuant to Fed. R. Civ. P. 54(d)(2)(A) and (B), a supplemental application for attorney and professional fees and expenses shall be filed by Class Counsel within 14 days of this Order and Final Judgment. The supplemental application shall detail fees and expenses attributable to the time spent through the date of this

Order.  Class Counsel may later submit supplemental applications for fees and expenses for legal work on behalf of the Class attributable to the time spent after the date of this Order. In accordance with the terms of the Settlement Agreement herein approved by this court, the UAW may submit application for attorney and professional fees and expenses within a reasonable time of the date of this Order.

12. The Amended Settlement Agreement, as amended, is incorporated into and made part of this Order and Final Judgment in all respects. The citation to or reference of certain provisions of the Amended Settlement Agreement, but not others, in this Order and Final Judgment does not exclude the incorporation herein of all terms and conditions of the Amended Settlement Agreement.

13. This Order and Final Judgment satisfies the Hardwick I Settlement Agreement and Judgment in all respects.

14. This Order and Final Judgment supersedes the Order and Final Judgment entered by the court on August 29, 2008.

15. The court retains exclusive jurisdiction, pursuant to Section 32.B of the Amended Settlement Agreement, to resolve any disputes relating to or arising out of or in connection with the enforcement, interpretation or implementation of the Amended Settlement Agreement.

LET JUDGMENT BE ENTERED ACCORDINGLY.

    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  November 9, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 9, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522
